UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SIN SANTO BAD,

        Petitioner,

v.

KATHLEEN HEANEY,

        Respondent.

Civil No. 12-1589 (DWF/JJK)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2009, Petitioner was working for a business located in Sherburne County, Minnesota. Petitioner sometimes used a truck owned by the business to perform work-related duties. Sherburne County Sheriff's deputies asked the owners of the business for permission to install a GPS tracking device on the truck. The owners acquiesced, and the GPS was placed on the truck.

Sometime thereafter, the owners of the business informed the Sheriff's deputies that Petitioner was using the truck. The deputies monitored Petitioner's travels in the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

truck by using the GPS tracking device. Based on information furnished by the GPS, the Sheriff's deputies discovered that Petitioner made a series of brief stops at several private residences. The truck then stopped at one residence for a longer period of time. The Sheriff's deputies approached the residence and found the truck in the driveway, unoccupied. The deputies entered the residence and found that it was being burglarized by Petitioner. He was arrested and charged with one count of first degree burglary.

Petitioner filed a pre-trial motion seeking to suppress all of the State's evidence against him. He argued that the use of the GPS tracking device constituted an illegal search and seizure that violated his rights under the Fourth Amendment. The trial court judge rejected Petitioner's Fourth Amendment argument, and denied the motion to suppress the State's evidence. Petitioner then went to trial based on stipulated facts, and was found guilty. He was sentenced to 132 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal in which he renewed the arguments raised in his earlier suppression motion. Petitioner claimed that the evidence used to convict him was obtained by means of an illegal search and seizure. However, the Minnesota Court of Appeals rejected Petitioner's search and seizure arguments on the merits, and upheld his conviction. The Minnesota Supreme Court later denied Petitioner's application for further review. *State v. Bad*, No. A11-13, (Minn.App. 2012), 2011 WL 7033745 (unpublished opinion), *rev. denied*, Mar. 28, 2012.

On July 2, 2012, Petitioner filed his current federal habeas corpus petition. He is now claiming, once again, that the evidence used to convict him was obtained in violation of his constitutional rights under the Fourth Amendment. For the reasons discussed

below, the Court finds that Petitioner cannot be granted habeas corpus relief on his Fourth Amendment claims, and his petition must be summarily dismissed with prejudice.

## II. DISCUSSION

Petitioner's Fourth Amendment claims are barred by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976). There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482.

"[A] Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994), *cert. denied*, 514 U.S. 1052 (1995). *See also Poole v. Wood*, 45 F.3d 246, 249 (8th Cir.), *cert. denied*, 515 U.S. 1134 (1995). "[A] 'mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process.'" *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007), quoting *Capellan v. Riley*, 975 F.2d 67, 72 (2nd Cir. 1992).

The determination of whether there has been an "unconscionable breakdown" in a state's procedures does not require a review of the state courts' fact-finding process, or a review of the state courts' application of Fourth Amendment law. *Willett*, 37 F.3d at 1272. To the contrary, federal courts "are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an

opportunity for such litigation." *Id*. at 1273 (emphasis in the original). On federal habeas review, the "inquiry focuses on whether [the petitioner] received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred." *Chavez*, 497 F.3d at 802.

The Court finds that the rule of *Stone v. Powell* is clearly applicable here. The record shows that Petitioner had ample opportunities to present his Fourth Amendment claims in his state court proceedings. Petitioner's Fourth Amendment claims were presented and addressed in the suppression motion that he filed in the trial court. The Minnesota Court of Appeals also reviewed Petitioner's claims on the merits, and explained why they were properly rejected by the trial court. *Bad*, 2011 WL 7033745 at *2. Thus, Petitioner not only had *an opportunity* to present his Fourth Amendment claims in the state courts, but those claims actually were raised, considered, discussed and adjudicated on the merits, in both the trial court, and in the Minnesota Court of Appeals. Furthermore, Petitioner had yet another opportunity to present his Fourth Amendment claims in his petition for further review in the Minnesota Supreme Court. Petitioner obviously disagrees with *the outcome* of the state court proceedings in which his Fourth Amendment claims were addressed, but he does not deny that those proceedings occurred, nor does he deny that they gave him an opportunity to litigate his current Fourth Amendment claims.

In *Poole*, *supra*, the Eighth Circuit Court of Appeals found that Minnesota law provides ample opportunities for a Minnesota state criminal defendant to raise Fourth Amendment challenges. 45 F.3d at 249. That determination is controlling here. In this case, as in *Poole*, Petitioner may not "relitigate" his Fourth Amendment claims in a federal
4

habeas proceeding.

## III. CONCLUSION

Because Petitioner received a full and fair opportunity to litigate his Fourth Amendment claims in the Minnesota state courts, federal habeas review of those claims is barred by *Stone v. Powell*. The Court will therefore recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Having determined that Petitioner's habeas corpus petition must be summarily dismissed, the Court will further recommend that Petitioner's pending application to proceed *in forma pauperis*, (Docket No. 2), be summarily denied. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also, Kruger v. Erickson*, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (*per curiam*) (IFP application should be denied where habeas petition cannot be entertained).

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than

they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should *not* be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated:   August 2, 2012

*s/ Arthur J. Boylan*
ARTHUR J. BOYLAN
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 20, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.