# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Sin Santo Bad,

          Petitioner,

v.

Kathleen Heaney,
Sherburne County Attorney,

          Respondent.

Civil No. 12-1589 (DWF/JJK)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court upon Petitioner Sin Santo Bad's ("Petitioner") objections to Chief Magistrate Judge Arthur J. Boylan's August 2, 2012 Report and Recommendation insofar as it recommends that: (1) Petitioner's application for a writ of habeas corpus be denied; (2) Petitioner's application to proceed *in forma pauperis* be denied; (3) this action be dismissed with prejudice; and (4) Petitioner should not be granted a Certificate of Appealability.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Petitioner's objections.

Having carefully reviewed the record, the Court concludes that Petitioner's objections offer no basis for departure from the Report and Recommendation. Petitioner's primary objection is that the Minnesota Courts erred by not applying *United*

*States v. Jones*, 132 S. Ct. 945, 951 (2012), in evaluating his Fourth Amendment motion to suppress brought on direct appeal. This argument is misplaced for several reasons. First, Fourth Amendment challenges brought in § 2254 petitions are evaluated as to whether the petitioner had a full and fair opportunity to litigate his claims; based on unconstitutionally obtained evidence introduced at trial, a state prisoner cannot obtain federal habeas relief. *See Stone v. Powell*, 428 U.S. 465, 482 (1976); *Poole v. Wood*, 45 F.3d 246, 249 (8th Cir. 1995); *Willett v. Lockhart*, 37 F.3d 1265, 1270 (8th Cir. 1994). Second, Petitioner's case was considered final for the purpose of applying a retroactivity analysis on January 17, 2012, when the Court of Appeals denied his appeal; he did not file a petition for a writ of certiorari. *State v. Bad*, No. A11-13, 2011 WL 7033745 (Minn. Ct. App. Jan. 17, 2012) (review denied on Mar. 28, 2012).[1] *Jones* was issued five days later on January 23, 2012, and does not apply to this case because a retroactivity analysis applies only to cases that were pending on direct review. *Griffith*, 479 U.S. at 328; *United States v. Fenner*, No. 06-211(1), 2012 WL 1657745, at *3 (D. Minn. May 11, 2012). Third, even if *Jones* did apply, which it does not, Petitioner likely would not have had adequate standing to challenge the lawfulness of the attachment of the GPS device because (1) he was driving a truck owned by his employer; (2) he used the truck for activities outside the scope of his employment (burglary); and (3) the GPS device was attached prior to

---

1 "A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Caspari v. Bohlen*, 510 U.S. 383, 390-91 (1994) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).

2

Petitioner taking possession. *See California v. Ciraolo,* 476 U.S. 207, 213-14 (1986); *United States v. Karo*, 468 U.S. 705, 712 (1984); and *United States v. Green*, 275 F.3d 694, 699 (8th Cir. 2001). His objections are without merit.

Based upon a *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner Sin Santo Bad's objections, (Doc. No. [7]), to Chief Magistrate Judge Arthur J. Boylan's August 2, 2012 Report and Recommendation are **DENIED**.

2. Chief Magistrate Judge Arthur J. Boylan's August 2, 2012 Report and Recommendation (Doc. No. [5]) is **ADOPTED**.

3. Petitioner's application for a writ of habeas corpus (Doc. No. [1]) is **DENIED**.

4. Petitioner's application to proceed *in forma pauperis* (Doc. No. [2]) is **DENIED**.

5. Petitioner's motion to appoint counsel (Doc. No. [6]) is **DENIED AS MOOT**.

6. This action is **DISMISSED WITH PREJUDICE**.

7. Petitioner is **NOT** granted a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 11, 2012         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge